UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROLAND PELLETIER,

        Plaintiff,

v.                                      Case No:  6:23-cv-205-PGB-DCI

CHIEF SINGELTARY, et al.,

        Defendants.
_____/

## ORDER

This cause is before the Court on initial review of Plaintiff's Civil Rights Complaint ("Complaint," Doc. 1). Plaintiff is incarcerated at the Brevard County Jail and proceeding *pro se*. He did not pay the filing fee or move to proceed i*n forma pauperis* in this action.

### I.    PROCEDURAL BACKGROUND

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: Plaintiff's prior cases, dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted include: 6:22-cv-1587-CEM-EJK (dismissing case as frivolous for failure to state a claim); (2) 6:22-cv-1597-RBD-DCI (dismissing case as frivolous);

and 6:22-cv-2031-CEM-EJK (dismissing case as frivolous). These case were filed in this Court.

## II.   LEGAL STANDARD

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g)   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. section 1915(g). *See, e.g., Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

## III.   ANALYSIS

Based on the three prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, he is not permitted to proceed *in forma pauperis* and was required to pay the filing fee at the time he initiated this

action. Consequently, this case is dismissed without prejudice. Plaintiff may initiate a new civil action by filing a new complaint and paying the full filing fee.

### IV. CONCLUSION

Accordingly, it is now **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 23, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party